[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16619
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 14, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-20551-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACKY BERNARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 14, 2006)**

Before ANDERSON, BIRCH  and BARKETT, Circuit Judges.

PER CURIAM:

Jacky Bernard appeals his 246-month sentence for conspiracy to possess

with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession of

a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  According to

the Presentence Investigation Report ("PSI"), the Drug Enforcement Administration ("DEA") received information that an American boat intended to travel to the Bahamas to pick up a large shipment of cocaine, which then would be brought to Florida. The DEA stopped and searched the vessel, uncovering approximately 350 kilograms of cocaine. The captain of the vessel cooperated with the DEA and conducted a controlled delivery of the cocaine to Bernard.

On appeal, Bernard argues that the district court erroneously enhanced his sentence based upon a drug quantity of 350 kilograms, when the jury only found that he had possessed more than 5 kilograms of cocaine. He asserts that, during the trial, there were no allegations that he attempted to possess that amount of cocaine or that he previously had been engaged in drug trafficking. He contends that, because he objected to the drug quantity contained in the PSI, the government was required to prove the quantity, which it failed to do, pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He argues that his sentence could not be enhanced based upon the 350 kilograms because that amount was not reasonably foreseeable.

A district court's determination of the drug quantity used to establish a defendant's base offense level is reviewed for clear error. See United States v. Rodriguez, 398 F.3d 1291, 1296 (11th Cir.) cert. denied 125 S.Ct. 2935 (2005).

2

We will not find clear error unless we are "left with a definite and firm conviction that a mistake has been committed." United States v. Crawford, 407 F.3d 1174, 1177 (11th Cir. 2005) (internal quotations and citations omitted).

In this case, Nowak, the captain of the boat testified that he was supposed to deliver the entire 350 kilograms of cocaine to Bernard. Bernard, at a suppression hearing, also testified that when the purported cocaine from the boat was delivered to him in an Expedition, duffel bags of purported cocaine were stacked to the ceiling. Finally, at trial, Bernard stipulated that there was 350 kilograms of cocaine aboard the boat.

Ultimately, the court found, by a preponderance of the evidence, that the offense involved more than 150 kilograms of cocaine. With an offense level of 40, and a criminal history category I, the guideline range was 292 to 365 months' imprisonment. After considering the 18 U.S.C. § 3553 factors, the court determined that a 246-month sentence, a sentence below the advisory guideline range, was reasonable. We do not find that the district court erred.

**AFFIRMED.**